**BENJAMIN J. CARMAN, ESQ.**
Nevada Bar No. 12565
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2400 W. Horizon Ridge Parkway
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
Attorneys for Defendant
Mercury Casualty Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **LOURDES GARCIA, an individual**<br><br>        Plaintiff,<br><br>v.<br><br>**MERCURY CASUALTY COMPANY, a corporation licensed to do business in Nevada, DOES I through X, inclusive, and ROE ENTITIES I through X, inclusive**<br><br>        Defendant | 2:16-cv-01658-JCM-NJK<br><br>**MOTION FOR SUMMARY JUDGMENT** |

        Defendant Mercury Casualty Company moves the Court for summary judgment, or, in the alternative, partial summary judgment, on plaintiff Lourdes Garcia's claims pursuant to Federal Rule of Civil Procedure 56.  Mercury seeks summary judgment on the following issues:

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1. There are no undisputed material facts to rebut the position that Ms. Garcia breached a condition precedent in her policy with Mercury, precluding a finding of breach of contract against Mercury;

2. Ms. Garcia has no evidence of a contractual breach of the covenant of good faith and fair dealing in support of her second cause of action, and should be precluded from asserting extra-contractual damages under the same;

3. As a matter of law, Ms. Garcia cannot recover attorney's fees as damages for her extracontractual claims;

4. There are no undisputed material facts demonstrating Mercury acted with malice, fraud, or oppression, warranting summary judgment on the issue of punitive damages.

This motion is supported by the memorandum of points and authorities, the exhibits included in the Appendix of Exhibits, and the Declarations of Lucy Collins and Benjamin J. Carman filed concurrently with this motion.

DATED this 21st day of February, 2017.

**RANALLI ZANIEL FOWLER & MORAN, LLC**

By  /s/Benjamin J. Carman
      BENJAMIN J. CARMAN, ESQ.

Attorneys for Defendant
Mercury Casualty Company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Defendant Mercury Casualty Company spent nearly two years asking plaintiff Lourdes Garcia for medical records and releases so it could obtain medical records from her treating providers to investigate her claim for underinsured motorist (UIM) benefits.  Ms. Garcia did not respond once during this period.

In fact, she remained silent for over four and a half years from her previous contact with Mercury to the date she filed her complaint. She never sent any updated records, and she never even sent complete medical billing records beyond her initial incomplete transmission.

Mercury policy with Ms. Garcia, as with nearly every other ISO-developed automobile insurance policy, contains a cooperation clause mandating the insured's cooperation with the insurer's investigation of the file.  It also bears a limitation of legal actions only if the insured fully complied with the terms of the policy.

Ms. Garcia's silence and failure to cooperate with Mercury breached the cooperation clause.  Coupled with a provision mandating an insured comply in full with all policy terms and conditions before filing suit, Ms. Garcia's claims of breach of contract and bad faith should be barred as a matter of law.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1    For these reasons, the Court should enter summary judgment

2 in favor of Mercury.

3                                **II.**
                            **BACKGROUND**

4

5    Mercury insured Ms. Garcia with an automobile policy that

6 offered her UIM benefits of up to $100,000 per accident.  On

7 October 28, 2010, Ms. Garcia was in an automobile accident with

8 a  third party  in Las Vegas.  She was not at fault for the

9 accident.  The other driver's liability insurance policy had a

10 bodily injury liability limit of $15,000.

11    Ms. Garcia did not report the accident to Mercury

12 immediately.  She waited almost a year, and reported the claim

13 to Mercury on September 12, 2011, through her attorney.  Mercury

14 promptly opened a claim, assigned it claim number NVC17654, and

15 sent a letter to counsel requesting medical records and

16 information in support of the claim.

17    Ms. Garcia sent a letter the same day with a set of CDs

18 including some medical records and information regarding the

19 damage to her car.  The records were incomplete, lacking billing

20 information for some treating providers.  The total amount of

21 billing presented in the records Ms. Garcia provided Mercury was

22 less than $5,000.

23    Mercury continued to request medical billing and treatment

24 records.  It also requested, and obtained, a recorded statement

1   from Ms. Garcia on November 21, 2011.  In her statement, Ms.

2   Garcia noted she would soon see a neurologist for her ongoing

3   complaints of dizziness and memory problems.

4   And then…silence.  Mercury heard nothing further from Ms.

5   Garcia regarding her claim.  It called counsel in December to

6   discuss the claim, but never received a return call.  It sent a

7   letter on March 16, 2012, asking for additional medical

8   treatment and billing records, as well as signed medical record

9   release authorizations.

10   Mercury sent this same letter monthly from March 16, 2012

11   through November of 2012.  It sent at least one via certified

12   mail to confirm that they were being received.  Starting

13   December 14, 2012, it sent the same demand accompanied by a cite

14   to the policy's language requiring the cooperation of the

15   insured in the handling and investigation of a claim.

16   Mercury sent this updated letter monthly through September

17   27, 2013.  Finally, on October 28, 2013, Mercury sent a letter

18   to Ms. Garcia noting it would close the claim as it had been

19   nearly two years of silence with no new information.  With no

20   response, Mercury closed the claim.

21   The claim laid closed and dormant for nearly two and a half

22   years thereafter, when suddenly Ms. Garcia filed suit against

23   Mercury.

24

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

MOTION FOR SUMMARY JUDGMENT

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## III.
## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Mercury Casualty Company insured Lourdes Garcia under policy number NVA0012638 with a UIM line of coverage limit of $100,000[1].

2. The policy contains a cooperation clause that reads as follows:

> **"YOUR DUTIES**
> **WHAT YOU MUST DO IN CASE OF AN ACCIDENT OR LOSS**
> …
> A person claiming coverage must:
> 1. cooperate with **us** in any matter concerning a claim or lawsuit;
> 2. provide any written proof of loss **we** may reasonably require;
> …
> 9. authorize **us** to obtain medical and other records as often as reasonably necessary.[2]"

3. The policy also contains a provision requiring full compliance with the policy's terms before suit may commence:

> **"We** may not be sued unless there is full compliance with all the terms of this policy.[3]"

4. Ms. Garcia reported a claim on September 10, 2011, arising from an automobile accident on October 22, 2010[4].

---

[1] Exhibit A, policy; Declaration of Lucy Collins, ¶3
[2] Exhibit A, internally paginated page 3.
[3] Exhibit A, internally paginated page 21.
[4] Exhibit B, notice of loss sheet; Exhibit C, letter from Flanagan, Declaration of Lucy Collins, ¶¶4-5

1     5.   Mercury opened claim number NVC17654, and sent a

2 letter requesting all supporting documentation from Mr. Garcia

3 for her claim[5].

4     6.   Ms. Garcia sent a letter with medical treatment and

5 billing records on September 12, 2011, with treatment records

6 totaling $4,245.00[6].

7     7.   On November 21, 2011, Mercury took the recorded

8 statement of Lourdes Garcia, in which she stated that she would

9 soon see a neurologist for treatment from the accident[7].

10     8.   After hearing nothing in response to a request for

11 more information, Mercury sent Ms. Garcia's counsel a letter

12 dated December 14, 2011, requesting a call[8].

13     9.   Receiving no response to this letter, Mercury sent Mr.

14 Flanagan a letter dated March 16, 2012, requesting additional

15 medical records and a signed medical record release

16 authorization[9].

17     10.   Mercury continued sending letters once a month to Ms.

18 Garcia requesting the same information.  It did not received a

19 response to any of the letters sent from April 16, 2012, through

20 October 15, 2012[10].

21 _____

22 [5] Exhibit D, Opening Letter; Declaration of Lucy Collins, ¶6
[6] Exhibit E, September 12, 2011 Letter from Sean Flannagan; Declaration of
Lucy Collins, ¶¶7-8

23 [7] Exhibit F, recorded statement summary; Declaration of Lucy Collins, ¶9
[8] Exhibit G, letter dated 12/14/11; Declaration of Lucy Collins, ¶10
[9] Exhibit H, letter dated 3/16/12; Declaration of Lucy Collins, ¶11

24 [10] Exhibit I, letter dated 4/16/12; Exhibit J, letter dated 6/15/12; Exhibit
K, letter dated 7/16/12; Exhibit L, letter dated 8/16/12; Exhibit M, letter

MOTION FOR SUMMARY JUDGMENT

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1       11.   On November 15, 2012, Mercury sent a letter requesting

2   the same information, but also quoted from the cooperation

3   clause.  It sent the letter via certified mail as well[11].

4       12.   Neither Ms. Garcia nor her counsel responded to the

5   November 15, 2012, letter[12].

6       13.   Mercury sent the same letter again on January 14,

7   2013, February 14, 2013, and March 13, 2013, via certified mail

8   to Ms. Garcia's counsel.  There was no response to any of these

9   letters[13].

10       14.   On May 17, 2013, Mercury sent a letter informing Ms.

11   Garcia of the assignment of a new adjuster, but also requesting

12   the same information that it had been requesting for over a

13   year[14].

14       15.   Receiving no response, Mercury sent letters requesting

15   the same information again on June 19, 2013, July 23, 2013,

16   August 30, 2013, and September 27, 2013.  Again, neither Ms.

17   Garcia nor her counsel responded to any of these letters[15].

18

19

20

21   dated 9/14/12; Exhibit N, letter dated 10/15/12; Declaration of Lucy Collins, ¶¶12-17

22   [11] Exhibit O, letter dated 11/15/12; Declaration of Lucy Collins, ¶X9
     [12] Declaration of Lucy Collins, ¶19

23   [13] Exhibit P, letter dated 1/14/13; Exhibit Q, letter dated 2/14/13; Exhibit R, letter dated 3/13/13; Declaration of Lucy Collins, ¶¶20-22

24   [14] Exhibit S, letter dated 5/17/13; Declaration of Lucy Collins, ¶23
     [15] Exhibit T, letter dated 6/19/13; Exhibit U, letter dated 7/23/13; Exhibit V, letter dated 8/30/13; Exhibit W, letter dated 9/27/13; Declaration of Lucy Collins, ¶¶24-27

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

16.   On October 28, 2013, Mercury sent a letter to Ms. Garcia's counsel informing him that it would close the claim if it did not hear from him regarding the same within thirty days[16].

17.   Mercury closed the claim after Ms. Garcia failed to respond[17].

18.   Ms. Garcia did not submit any additional information or support for her claim after November 21, 2011[18].

### IV.
### LEGAL ANALYSIS AND DISCUSSION

#### A.   Standard of Review

A party may obtain summary judgment where it can demonstrate via pleadings, discovery, and competent evidence that there are no disputable issues of fact precluding judgment as a matter of law in its favor.  Fed. R.Civ.P. 56(c).  The purpose of a motion for summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court.  *Northwest Motorcycle Ass'n v. U.S. Dept of Agriculture*, 18 F.3d 1468, 1471 (9th Cir.1994).  A party seeking summary judgment bears the burden of informing a court of the basis of the motion, but need not negate every one of the other party's claims.  *Celotex Corp v. Catrett*, 477 U.S. 317,323 (1986).  It is not a disfavored procedural shortcut.  *Id*.

---

[16] Exhibit X, letter dated October 28, 2013; Declaration of Lucy Collins, ¶28.
[17] Declaration of Lucy Collins, ¶29
[18] Declaration of Lucy Collins, ¶30

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1    Irrelevant factual disputes cannot create a triable issue

2    of fact, and a failure of an essential element of a claim

3    renders all other facts immaterial. *Bagdadi v. Nazar*, 84 F.3d

4    1194, 1197 (9th Cir.1996).  The party opposing summary judgment

5    cannot simply rely on the pled allegations in the complaint, but

6    must instead affirmatively set forth facts demonstrating the

7    existence of a triable issue of fact. *Garvey v. Clark* Co., 91

8    Nev. 127, 130 (1978).

9    **B.  Issue 1:  Ms. Garcia's Failure To Respond To Two Years**
**Of Requests By Mercury Violated The Cooperation Clause In Her**
10   **Policy**

11   Most auto insurance policies, including Ms. Garcia's,

12   include a provision mandating the insured cooperate with the

13   insurer's investigation of their claims.  Such "cooperation

14   clauses" are routinely held to be conditions precedent that must

15   be strictly adhered to by insured, so long as they are

16   unambiguous.  Similarly, these policies also contain provisions

17   that require an insured to comply with all policy terms before

18   they can file suit against an insurer.  These "suits against us"

19   provisions have been upheld in Nevada, and they are usually done

20   so in conjunction with the cooperation clause.

21   Ms. Garcia's failure to respond to Mercury's efforts over a

22   two year period to obtain additional records and signed

23   authorizations constitutes a breach of the cooperation clause.

24   That she sued Mercury after failing to comply with the policy in

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1    this manner constitutes a further violation of the terms of the

2    policy related to the suits against us provision.

3

4            **1.  Ms. Garcia breached the cooperation clause.**

5

6        When an insured fails to comply with an unambiguous

     condition precedent in the at-issue policy, coverage will be

7    precluded as a matter of law regardless of the existence of any

8    prejudice to the insurer.  *Las Vegas Star Taxi, Inc. v. St. Paul*

9    *Fire & Marine Ins. Co.*, 714 P.2d 562, 562-64 (Nev. 1986)["*Las*

10   *Vegas Star*"]; *Las Vegas Metro Police Dep't v. Coregis Ins. Co.*,

11   256 P.3d 958, 962 (Nev. 2011).  A condition need not be styled

12   as such for it to serve as a condition precedent in a policy.

13   *Id.* at 562-63.  Cooperation clauses in automobile policies have

14   been upheld as unambiguous.  *Baker v. Hartford Underwriters Ins.*

15   *Co.*, 2015 WL 133790 (D.Nev. 2015)["*Baker*"].  Further, they have

16   been interpreted as a condition precedent.  *Ibid.*; *Green v.*

17   *American Family Insurance*, 2016 WL 1170992 (D.Nev.

18   2016)["*Green*"]; *Holland v. State Farm Mut. Auto. Ins. Co.*, 2014

19   WL 1268712 (D.Nev. 2014)["*Holland*"]; *Schwartz v. State Farm Mut.*

20   *Auto. Ins. Co.,* 2009 WL 2197370 (D.Nev. 2009)["*Schwartz*"].  The

21   failure of an insured to respond to repeated requests by an

22   insurer for information in support of his claim constitutes a

23   violation of the cooperation clause.  *Valentine v. State Farm*

24

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1  *Mut. Auto. Ins. Co.*, 105 F.Supp.3d 1176, 1182-1183 (D.Nev. 2015)

2  [insured's failure to provide all pre-loss records over a period

3  of several months violated cooperation clause, warranting

4  summary judgment]; *Green*, *supra*, at *5-6[failure of insured to

5  provide insurer-requested information over a period of a year

6  and a half violated cooperation clause];

7      Ms. Garcia violated the cooperation clause by failing to

8  provide complete medical records and execute medical record

9  release authorizations.  The policy issued to Ms. Garcia

10 contained a cooperation clause requiring her to provide Mercury

11 with executed medical record releases and to cooperate and

12 answer questions[19].  She did neither, despite a nearly two year

13 long effort by Mercury to request the same[20]. Though she provided

14 some records early in the claim, they were incomplete[21].  That

15 she referenced the need for a new neurology consult confirmed

16 that there were additional records that would be generated, yet

17 she did not provide them.

18     These failures to comply are without justification.  Ms.

19 Garcia provided no explanation for her failure to comply, nor

20 even a request for more time or clarification.  Mercury sent

21 **eighteen letters** over a period of **twenty-three months** without

22

23 _____

24 [19] Facts 1, 2; Exhibit A
   [20] Facts 8-18, Exhibits G-X
   [21] Facts 6-7, Exhibit E, Declaration of Lucy Collins ¶¶7-9

any response from Ms. Garcia[22].  It sent several letters via

certified mail to confirm receipt.  It did what it could to

contact Ms. Garcia to see if she would cooperate with its

investigation of her claim.

Yet she did not respond[23].  The next time that Ms. Garcia

actually did something relative to her claim was when she filed

suit against Mercury in 2016- **four years and four months** after

her last interaction with Mercury concerning her claim.

As noted by the Court in *Valentine*:

"It is absurd to think that an insured who fails to
provide her insurer with medical information critical
to a full and fair investigation of the insured's
claim should then be able to sue the insurer for
refusing to pay on that same claim."

This is the scenario before the Court in this matter.  Ms.

Garcia spent years in silence following Mercury's request until

she suddenly filed this suit.  She failed to give Mercury full

and complete medical records, and she failed to provide the

executed medical record release authorizations mandated under

the policy.  This is a clear violation of the condition

precedent found in the cooperation clause.  It is more than

ample justification to grant summary judgment in favor of

Mercury on this cause of action alone.

//

---

[22] Exhibits G-X
[23] Fact 18, Declaration of Lucy Collins, ¶¶30

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**2. Ms. Garcia cannot proceed with this action as she breached a condition precedent**

Policy provisions that preclude an insured from bringing legal action until there are is full compliance with all policy terms are valid in Nevada. *Holland*, *supra*, at *5; *Las Vegas Star*, *supra*, 102 Nev. at 12; *Valentine*, *supra*, 105 F.Supp.3d at 1183. Nevada courts have applied this rule where the insured fails to comply with the cooperation clause in a policy. *Ibid.*

Ms. Garcia's failure to respond to Mercury multiple requests for information constituted a failure to comply with the policy's condition mandating cooperation. The policy contains a provision precluding suits against Mercury unless the insured fully complies with the policy's terms[24]. This provision mirrors those found in the policies of State Farm and The Hartford analyzed in *Holland*, *Valentine*, *Schwartz*, and *Baker*. This same provision is valid and enforceable in Nevada, and it is triggered where an insured fails to cooperate in the investigation of his claim. While the failure to comply with the cooperation condition is itself fatal, the suits against us provision also bars this action.

Mercury gave Ms. Garcia two years to provide it with additional information after her recorded statement. She failed

---

[24] Facts 1-2, Exhibit A.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1  to respond, let alone comply with the terms of the policy[25].

2  Without such compliance, Ms. Garcia breached a condition

3  precedent in her policy.  Such a breach is fatal to her lawsuit.

4  For these reasons, the Court should grant summary judgment in

5  Mercury's favor on plaintiff's cause of action for breach of

6  contract.

7  **D.   Issue 2:  Mercury's Closing Of The Claim Without
Payment Was Not An Act Of Bad Faith**

8

9      To establish bad faith, a plaintiff must demonstrate that

10 the insurer denied a claim unreasonably, and the insurer knew it

11 lacked a reasonable basis to do so, or acted with reckless

12 disregard as to the unreasonableness of the denial[26].   The

13 additional requirement that the insurer consciously understood

14 the unreasonableness of its conduct is a subjective standard,

15 requiring evidence the insurer knowingly acted unreasonably[27].

16 An insurer that closes a claim without payment as a result of an

17 insured's failure to communicate and cooperate such that the

18 insurer cannot fully evaluate the claim does not constitute an

19 actual denial of the claim.  see *Valentine*, *supra*, 105 F.Supp.3d

20 at 1183.

21

22

23 [25] Exhibits G-X
   [26] *Powers v. United Services Auto Ass'n*, 114 Nev. 690, 702-703 (1998); see
   also *Schumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp.2d 1090, 1096 (D.
24 Nev. 2006)["*Schumacher*"].
   [27] *Ibid*.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

There was no unreasonable denial of Ms. Garcia's claim, precluding a finding of bad faith against Mercury.  As a practical matter, Mercury was never able to either accept or deny Ms. Garcia's claim as she failed to provide it with sufficient information to do so[28].  This is not a scenario where the insurer had more than ample information to decide a claim, but instead one where the insured's own recorded statement demonstrated that future treatment would occur beyond the last date on which she provided records.

And the records that the insured provided were incomplete, lacking billing information for all providers save one[29].  While Mercury tried to remedy this problem by requesting signed authorizations and additional information directly from Ms. Garcia, she failed to respond to any one of its inquiries.  It gave her two years to respond before it closed the claim.

This is not the conduct of an insurer acting in bad faith. As noted in *Valentine,* an insurer that cannot evaluate a claim due to the non-cooperation of its insured does not actively deny the same.  Consistent with *Schumacher,* an insurer that does not actually deny a claim cannot be held liable for bad faith.  And objectively, where an insured does not comply in the slightest

---

[28] Fact 17, Declaration of Lucy Collins, ¶29-30
[29] Facts 6-7, Declaration of Lucy Collins, ¶¶7-9

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1   in providing information, as with Ms. Garcia, it is not an

2   unreasonable act to close the claim without payment.

3        For these reasons, the Court should grant summary judgment

4   in Mercury's favor on the cause of action for bad faith.

5   **E.   Issue 3:   There Is No Basis For Ms. Garcia To Seek Attorney's Fees As Damages**

6

7        There is no authority for the proposition that attorneys'

8   fees and costs are a form of compensable damages under a theory

9   of breach of the covenant of good faith and fair dealing.  Ms.

10  Garcia will not be able to cite to any Nevada authority to the

11  contrary, nor any authority in the Circuit analyzing Nevada law.

12       In fact, the sole authority in the Circuit analyzing Nevada

13  law on this issue runs in favor of Mercury.  The Ninth Circuit

14  Court of Appeal reversed a district of Nevada court's decision

15  awarding the same as damages to a plaintiff[30].  In *Merrick*, the

16  rationale behind the lower court's award of such fees was based

17  on a misinterpretation of *Farmers Home Mutual Ins. Co. v.*

18  *Fiscus,* 102 Nev. 371 (1986), a Nevada Supreme Court decision,

19  concluding that the fee shifting provision of NRS 18.010 was

20  immediately triggered by a finding of bad faith[31].

21       The Court concluded this was an erroneous reading of the

22  same, noting that the Nevada Supreme Court ruling expressly

23

24  [30] *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1018 (9th Cir. 2007) ["*Merrick*"]
[31] *Id.* at 1018.

failed to draw this conclusion[32].  *Merrick* noted that four months

after *Fiscus* was decided, the Supreme Court of Nevada, in

another bad faith insurance case, determined that an award of

fees would only have been possible pursuant to NRS 18.010[33].  The

Ninth Circuit concluded by noting that neither it nor the Nevada

Supreme Court could not have created a categorical rule

permitting the recovery of attorney's fees as damages

automatically on a finding of bad faith because Nevada law

prohibits courts from expanding or altering legislative rules

for fee-shifting[34].

Interpreting *Merrick* and the multitude of cited Nevada

authorities in the same, the Ninth Circuit correctly concluded

that there is no Nevada authority that permits an award of fees

and costs as damages for a breach of the covenant of good faith

and fair dealing.  Though the provisions of NRS 18.010 might

permit a request pursuant to that statute following a verdict in

this matter, this does not render such evidence relevant for

purposes of any element of this cause of action.

Ms. Garcia will be unable to cite any controlling Nevada

authority that authorizes such fees and costs as damages under

either cause of action.  For these reasons, the Court should

---

[32] *Id.*
[33] *Id.* (citing *Am Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352 (1986).)
[34] *Id.*

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1  enter judgment in favor of Mercury as to any claim of attorneys'

2  fees and costs as damages for the cause of action of bad faith.

3  **F.   Issue 4:   There Is No Evidence That Mercury Acted With Malice, Fraud, Or Oppression In Handling Ms. Garcia's Claim**

4

5  Proof of bad faith does not by itself warrant the

6  imposition of punitive damages[35].  Punitive damages may be

7  awarded against a party where there is clear and convincing

8  evidence of malice, fraud, or oppression[36].  These three elements

9  are defined in the common law in a manner nearly identical to

10  that in NRS 42.001:

11  "In actions brought against an insurer who acts in bad
    faith regarding its obligations to provide insurance

12  coverage," the common law definitions of oppression,
    fraud and malice apply. NRS § 42.005(5). "Oppression

13  occurs when the plaintiff is subjected to `cruel and
    unjust hardship in conscious disregard of his

14  rights.'" *Desert Palace*, *5 (quoting *Ainsworth v.
    Combined Ins. Co. of America*, 105 Nev. 237, 774 P.2d

15  1003, 1012 (1989)). "Malice refers to conduct which is
    intended to injure a person or conduct with a

16  conscious or deliberate disregard of the rights or
    safety of others.[37]"

17

18  Mercury did not engage in any conduct that would rise to

19  the level of malice, fraud, or oppression warranting an award of

20  punitive damages.  Mercury promptly opened a claim for Ms.

21  Garcia once reported, and it contacted her for information

22

23  [35] *United States Fidelity v. Peterson*, 91 Nev. 617, 620 (1975).
    [36] NRS 42.005.

24  [37] *Wallace v. USAA Life General Agency, Inc.,* 862 F.Supp.2d 1062, 1072 (D.Nev. 2012), see also *United Fire Ins. Co. v. McClelland*, 105 Nev. 504, 512-513 (1989)

regarding and supporting her claim[38].  After reviewing the
incomplete records she provided and her recorded statement, it
was clear that the provided records were both incomplete and
that she would have to provide either the additional records or
an authorization so that Mercury could obtain the records by
itself[39].  Mercury requested such information for roughly two
years before it finally closed the claim without payment.  It
sent near-monthly requests for the information, sometimes via
certified mail, in an attempt to get Ms. Garcia or her counsel
to respond.  It heard nothing, and it simply closed the claim
thereafter.

This is not conduct that demonstrates actions by Mercury to
harm Ms. Garcia.  To the contrary, they are the actions of an
insurer giving every opportunity to its insured to substantiate
her claim under the policy.  There was nothing misleading in the
materials sent by Mercury to Ms. Garcia, nor anything
demonstrating an effort by Mercury to burden her in providing
responses.  There is nothing objectively oppressive or malicious
in requesting medical record release authorizations to obtain
records in support of an insured's claim.

Ms. Garcia will be unable to point to any evidence to
support her claim for punitive damages, let alone clear and

[38] Facts 4-5, Exhibits B-D, Declaration of Lucy Collins, ¶¶4-6
[39] Facts 6-8

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1  convincing evidence.  This standard is one of the most onerous

2  imposed in civil proceedings, and it applies equally when

3  evaluating a dispositive motion as it does at the time of trial.

**V.**

**CONCLUSION**

6  Ms. Garcia inexplicably failed to respond to Mercury's

7  nearly two year long effort to request signed authorizations to

8  obtain medical records, as well as the records themselves, that

9  would support her claim under her policy.  Despite more than

10 adequate time and warning that it would close the claim, Ms.

11 Garcia filed suit against Mercury for allegedly breaching its

12 contract with her.

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

MOTION FOR SUMMARY JUDGMENT

1    Yet it was her breach of a condition precedent, followed by

2    her breach of the suits against us provision, that warrants

3    disposition of this matter on this motion.  She cannot dispute

4    the factual history of the claim, nor the contents of the

5    policy.  For these reasons, the Court should enter summary

6    judgment in favor of Mercury as to all causes of action.

7    DATED this 21st day of February, 2017.

8                              **RANALLI ZANIEL FOWLER & MORAN, LLC**

9

10

11                      By  /s/Benjamin J. Carman
                            BENJAMIN J. CARMAN, ESQ.
12                          Attorneys for Defendant
                            Mercury Casualty Company

13

14

15

16

17

18

19

20

21

22

23

24

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

## CERTIFICATE VIA CM/ECF

Pursuant to FRCP 5, I hereby certify that I am an employee of RANALLI ZANIEL FOWLER & MORAN, LLC, and that on the 21st day of February, 2017, I caused to be served via CM/ECF a true and correct copy of the document described herein.

**Document Served:**        **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Person(s) Served:**

Sean Flanagan, Esq.
**FLANAGAN, LTD.**
10223 Rarity Ave.
Las Vegas, Nevada 89135
Attorney for Plaintiff


_____/s/Benjamin J. Carman_____

**An EMPLOYEE OF**

**RANALLI ZANIEL FOWLER & MORAN, LLC**