UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LOURDES GARCIA,

                  Plaintiff(s),

v.

MERCURY CASUALTY COMPANY,

                  Defendant(s).

Case No. 2:16-CV-1658 JCM (NJK)

ORDER

Presently before the court is defendant Mercury Casualty Company's ("defendant") motion for summary judgment. (ECF No. 16). Plaintiff Lourdes Garcia ("plaintiff") filed a response (ECF No. 19), to which defendant replied (ECF No. 21).

**I.    Background**

This is an insurance dispute arising from a motor vehicle accident that resulted in plaintiff's injuries and subsequent pursuit of coverage from her insurance provider, defendant.

Plaintiff has an insurance policy with defendant, policy number NVA0012638, which includes $100,000.00/$300,000.00 coverage for bodily injury caused by uninsured or underinsured motorists ("UM/UIM"). (ECF No. 16-2 at 5). For policyholders to receive coverage subsequent to an accident, defendant's motor vehicle policy states that the insured person should "provide [defendant] with . . . accident or loss information as soon as it is available." (ECF No. 16-2 at 10). Such should include the time, place, circumstances of the accident or loss, names and addresses of all persons involved and witnesses, and the license plate numbers of the vehicles involved. (ECF No. 16-2 at 10). In addition, a person claiming coverage must "cooperate with [defendant] in any matter concerning a claim" and "provide any written proof of loss [defendant] may reasonably require." (ECF No. 16-2 at 10).

James C. Mahan
U.S. District Judge

On October 28, 2010, plaintiff was involved in a motor vehicle accident in Clark County, Nevada. (ECF No. 1 at 16). Following her accident, plaintiff pursued a claim against the other driver's insurance policy and settled the claim to the policy's limits, which amounted to $15,000.00. (ECF No. 16 at 4). Because plaintiff's medical bills were in excess of the other driver's policy limits, she filed a claim in accordance with her UM/UIM coverage, as indicated in the insurance policy, with defendant. (ECF No.1 at 16). Defendant received notice of plaintiff's UM/UIM claim on September 12, 2011, via plaintiff's counsel, along with two "CD-ROM's containing medical records and property damages records." (ECF No. 16-2 at 33, 37–38). On that same date, defendant sent plaintiff a reservation of rights letter regarding "a coverage question." (ECF No. 16-2 at 35).

On November 11, 2011, Susie Pinon, an agent working on behalf of defendant, talked with plaintiff over the phone to acquire more details, in addition to information already received on September 12, 2011, about plaintiff's accident and injuries. (ECF No. 16-2 at 40–45). Afterwards, defendant sent eighteen letters from December 12, 2011, to October 28, 2013, requesting a number of documents including signed medical authorizations, medical records, copies of the third-party settlement draft, and a declaration that there was no other insurance from the driver at-fault. (ECF No. 16-2 at 47–82). Plaintiff did not respond to defendant's letters—a few of which were delivered via certified mail to verify that plaintiff did in fact receive them. (ECF No. 16-2 at 68).

Defendant's final letter sent to plaintiff's counsel on October 28, 2013, requested that plaintiff "contact [defendant's] office to discuss" plaintiff's claim within thirty days so that it remains open. (ECF No. 16-2 at 82). After plaintiff failed to timely contact defendant's office, defendant closed the claim. (ECF No. 16-2 at 82)

Plaintiff filed the original complaint in state court on February 12, 2016. (ECF No. 1 at 2). The complaint alleges two causes of action: (1) breach of contract for withholding UM/UIM coverage and (2) breach of covenant of good faith and fair dealing. (ECF No. 16-2 at 16–17). Defendant removed the action to federal court on July 13, 2016. (ECF No. 16-2 at 16–17).

James C. Mahan
U.S. District Judge

In the instant motion, defendant moves for summary judgment in its favor on both claims. (ECF No. 16).[1]

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  The moving party must first satisfy its initial burden.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

---

[1] Plaintiff concedes that a claim against defendant for breach of covenant of good faith would likely be unsuccessful.  (ECF No. 19 at 4).

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     Discussion**

Plaintiff alleges that defendant breached the insurance policy agreement, which covers up to $100,000.00/$300,000.00 in UM/UIM damages, by failing to pay the coverage due after plaintiff filed her UM/UIM claim. (ECF No. 1 at 16–17).

In diversity actions, as here, federal courts apply substantive state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007). Under Nevada law, contractual construction is a question of law and "suitable for

determination by summary judgment." *Ellison v. Cal. State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990).

In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.")).

"An insurance policy is a contract." *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150 (Nev. 1985). "An insurance policy may restrict coverage only if the policy's language clearly and distinctly communicates to the insured the nature of the limitation." *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1156–57 (Nev. 2004) (quotation omitted).

In the instant motion, defendant argues that plaintiff's failure to cooperate with defendant, and thereby failure to fully comply with all the terms of the policy, precludes the instant action, rendering summary judgment appropriate. (ECF No. 16 at 10–11).

Under the "Your Duties" section of defendant's Nevada motor vehicle policy, the following is expressed:

> What you must do in case of an accident or loss
> . . . .
> 1. cooperate with us in any matter concerning a claim or lawsuit;
> 2. provide any written proof of loss we may reasonably require;
> . . . .
> 9. authorize us to obtain medical and other records as often as reasonably necessary.

(ECF No. 16-2 at 10) (emphasis omitted).

Additionally, under the section titled "Legal Action Against Us," the policy states that defendant "may not be sued unless there is full compliance with all the terms of [the] policy." (ECF No. 16-2 at 28).

The "Legal Action Against Us" section provides that compliance with defendant's cooperation clause is a condition, with which plaintiff must comply prior to bringing a lawsuit against defendant for breach of contract. "When an insurance policy explicitly makes compliance

with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that it complied with that term." *Valentine v. State Farm Mut. Auto. Ins. Co.*, 105 F. Supp. 3d 1176, 1182 (D. Nev. 2015).

Defendant argues that plaintiff violated the cooperation clause of the insurance policy. (ECF No. 16 at 10). This court agrees. Upon notice of plaintiff's pending claim on September 12, 2011, defendant sent out eighteen letters requesting that plaintiff provide "signed medical authorization to obtain pre-accident records/bills/films" and "[a]ll medical records regarding any/all recommendations for future care" from December 12, 2011, to October 28, 2013. (ECF No. 16-2 at 46–66). The letter sent out on February 14, 2013, and all subsequent letters additionally requested "confirmation of the policy limits settlement with St. Farm which includes a copy of the declarations' page and release for the policy limits" and "[d]eclaration of no other insurance from the at fault driver." (ECF No. 16-2 at 68–82). Plaintiff never responded to defendant's requests, and thus failed to cooperate in accordance with her insurance policy.

Plaintiff failed to produce any information that shows a genuine issue of fact about her compliance with defendant's requests in accordance with the cooperation clause.[2] Defendant diligently requested additional information that would reasonably help determine proper UM/UIM coverage. Because plaintiff failed to cooperate with defendant, she is unable to bring the instant action against defendant.

**IV.     Conclusion**

Based on the foregoing, the court will grant defendant's motion for summary judgment on both of plaintiff's claims. Plaintiff has failed to raise a genuine issue of material fact sufficient to withstand summary judgment.

. . .

. . .

. . .

---

[2] Plaintiff presented defendant's reservation of rights letter arguing that the letter is evidence that plaintiff did not need to comply with the insurance policy because an adversarial relationship had been created. (ECF No. 19 at 4). This court disagrees. "A reservation of rights does not create a per se conflict of interest." *State Farm Mut. Auto. Ins. Co. v. Hansen*, 357 P.3d 338, 343 (Nev. 2015).

James C. Mahan
U.S. District Judge

- 6 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (ECF No. 16) be, and the same hereby is, GRANTED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED May 26, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE