UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LOURDES GARCIA, | Case No. 2:16-CV-1658 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MERCURY CASUALTY COMPANY, | |
| Defendant(s). | |

Presently before the court is plaintiff Lourdes Garcia's ("plaintiff") motion for reconsideration. (ECF No. 24). The court finds no response necessary and further finds the motion properly resolved without oral argument. *See* LR 78-1.

This is an insurance dispute arising from a motor vehicle accident that resulted in plaintiff's injuries and subsequent pursuit of coverage from her insurance provider, Mercury Casualty Company ("defendant"). On February 21, 2017, defendant moved for summary judgment on the grounds that plaintiff failed to act in accordance with the cooperation clause as specified in the parties' insurance policy agreement. (ECF No. 16). The court granted defendant's motion for summary judgment on May 26, 2017. (ECF No. 22).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

**James C. Mahan**
**U.S. District Judge**

In the instant motion, plaintiff argues that reconsideration of the court's May 26th order (ECF No. 22) is proper because the "***Magistrate Judge*** erred as a matter of law and fact in her analysis of whether to grant Defendant['s] Motion for Summary Judgment"; thus the "order granting . . . Summary Judgment was clearly erroneous." (ECF No. 24 at 2, 4) (emphasis added).

However, plaintiff is mistaken, not the magistrate judge. The district judge entered the May 26th order, not the magistrate judge.

Further, plaintiff fails to present any newly discovered evidence in support of her motion for reconsideration, but rather argues that she satisfied the terms of the cooperation clause from the insurance policy agreement by "provid[ing] all of the records concerning her treatment with the exception of two medical bills for MRI [*sic*] she underwent." (ECF No. 24 at 4). This is the same argument set forth in plaintiff's response to defendant's motion for summary judgment (*see* ECF No. 19)—an argument which the court rejected (*see* ECF No. 22 at 5–6).

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

Thus, the court will deny plaintiff's motion for reconsideration because not only has she failed to set forth and apply the correct legal standard, but she also failed to show that reconsideration is appropriate under either standard. In particular, plaintiff has not presented any newly discovered evidence, shown clear error, or set forth any intervening change in controlling law. Rather, plaintiff merely repeats previously rejected arguments.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 24) be, and the same hereby is, DENIED.

DATED June 26, 2017.

                                                             /s/ James C. Mahan  
                                              UNITED STATES DISTRICT JUDGE